MARY J. KITTINGER and ELLEN R. WING, Appellants, *v.* THE CITY OF BUFFALO et al., Respondents.

ASSESSMENT FOR LOCAL IMPROVEMENT — CITY OF BUFFALO — PARK PAVING — CONNECTING STREETS. An assessment for paving a part of the park, under contract from the park department, in the city of Buffalo, where the park department has exclusive power to pave roads and places in the park, while the common council is in charge of streets outside the park, is not invalidated by the fact that it includes work upon streets outside the park necessary to complete the paving in the park and to furnish it with proper drainage, and to make the connecting streets and approaches safe for travelers.

(Argued January 22, 1896; decided January 31, 1896.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made February 1, 1894, which affirmed a judgment entered upon a decision of the court at a Trial Term thereof.

This was an action to set aside assessments laid upon lands of the plaintiffs to defray expense of local improvements.

The trial court held the assessment good with the exception of a single item assessed against the lands of each plaintiff which was held to be illegal, and the assessment was reduced by the amount of the illegal item, and upheld as to the balance, with costs against the defendant, the city of Buffalo.

The facts, so far as material, are stated in the opinion.

*George Clinton* for appellants. The assessment was void. (*In re S. A. M. E. Church*, 66 N. Y. 395; *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118; *Merritt* v. *Village of Portchester*, 71 N. Y. 309; *Stebbins* v. *Kay*, 123 N. Y. 34; *In re D. & H. C. Co.*, 8 N. Y. Supp. 352.) The court erred in assuming jurisdiction to reduce the plaintiffs' tax. (*In re M. R. R. Co.*, 102 N. Y. 302; *In re N. Y. P. E. P. School*, 75 N. Y. 324–329; *In re E. I. S. Bank*, 75 N. Y. 389–396.) The assessment is a nullity, for the reason that it includes expense under the contract with the Barber Asphalt Company for keeping the pavement on Porter avenue, "the Circle" and Pennsylvania street in repair for five years. (*People ex rel.* v. *Maher*, 56 Hun, 81.) It is urged by the respondents that in order to maintain this action it must be shown that error in the proceeding has prejudiced plaintiffs. Where mere irregularities occur this is probably the rule, but where work is done without any authority whatever and an assessment results no such rule obtains; injury is presumed. (*In re E. I. S. Bank*, 75 N. Y. 396.)

*Frank R. Perkins* for respondents. The assessment was regular and should be upheld. (Laws of 1885, chap. 181, § 23; *Voght* v. *City of Buffalo*, 133 N. Y. 470.) The park commissioners had jurisdiction and authority to do or cause to be

done, all the work necessary to pave the Circle, complete and perfect the improvement in a suitable and proper manner. (Dillon on Mun. Corp. §§ 447, 797; *Moore* v. *City of Albany*, 98 N. Y. 396.) Plaintiffs had notice that this improvement was to be made, and of the plans and specifications on file in the office of the park commissioners. This was notice with which every one interested was chargeable. (*Voght* v. *City of Buffalo*, 133 N. Y. 470; *In re McGown*, 18 Hun, 434; *Lewis* v. *City of Utica*, 67 Barb. 456.) The notice of intention caused to be published by the park commissioners was a sufficient compliance with the Buffalo charter. (Laws of 1885, chap. 181, §§ 22, 23; *Kinsella* v. *City of Auburn*, 26 N. Y. S. R. 884; *In re Schell*, 76 N. Y. 432.) If the assessment as made was regular, but the reduction of the assessments upon the lands of the plaintiffs directed by the judgment of the court below was error, the appellants cannot be aggrieved by the reduction of their assessments and that would constitute no ground for a reversal of the judgment. (*Hooper* v. *Beecher*, 109 N. Y. 609; *Morse* v. *City of Buffalo*, 35 Hun, 619; *Lyth* v. *City of Buffalo*, 48 Hun, 180; *In re M. L. Ins. Co.*, 89 N. Y. 530; *O'Reilley* v. *City of Kingston*, 114 N. Y. 447.) The acts of the park commissioners and of the common council in entering into the contract were ratified and confirmed. (Laws of 1891, chap. 48.)

BARTLETT, J. Under the view we take of this case a brief statement of the facts will answer the purpose.

The charter of the city of Buffalo confers upon the park department the exclusive power to pave, re-pave and repair park roads and places.

The board of park commissioners are the governing head of this department.

The common council is in charge of the city streets outside of the park.

A certain part of the park is known as the Circle, and is a large circular place; one of the park approaches is Porter avenue ending in the Circle; Pennsylvania street is a public

street in the city, not included in the park system, and ends at
the Circle at its junction with Wadsworth street.

In October, 1889, the city of Buffalo, by the park commissioners, entered into a contract with the Barber Asphalt Paving Company to pave the Circle with Trinidad asphalt pavement in compliance with specifications annexed and the profile in the park commissioners' office, agreeing to pay therefor the sum of $10,425.00. The profile referred to disclosed the fact that as a part of the work necessary to pave the Circle there was certain outside work to be done in Wadsworth street, Pennsylvania street and Porter avenue.

The work under this contract was duly performed.

The findings disclose that the total assessment on the property of plaintiff Kittinger was $404.38, and on property of plaintiff Wing $246.80, it appearing that only one-half of the total expense could be assessed on the adjacent property.

It is insisted by appellants that this assessment is void, as the park commissioners were without authority of law to contract for the work outside of the Circle.

The court below determined to correct the assessment and affirm it as corrected.

It was found that for the outside work there was assessed on the property of the plaintiff Kittinger the sum of $57.02, and on the property of the plaintiff Wing the sum of $34.80.

Judgment was rendered reducing the respective assessments of the plaintiffs by these amounts, and awarding them costs against the city of Buffalo in the sum of $209.72.

This judgment was affirmed by the General Term of the Superior Court of Buffalo, with costs.

The appellants now insist that the original assessment was void by reason of the outside work, and that the trial court had no authority to correct it and to adjudge it to stand as corrected.

The view we take of this case renders it unnecessary for us to consider the question whether the trial court could correct the assessment, and, in doing so, whether it adopted the proper rule in computing the amount of reduction.

In the seventeenth finding of fact it is found as follows: "That all of the work proposed and shown on the plan and specifications prepared under the directions of the said board of park commissioners, and filed in their office as hereinbefore stated, including that outside of the lines of the Circle in Wadsworth street, Pennsylvania street and Porter avenue, was necessary and essential to a complete and finished job in the pavement of the Circle, and to furnish it with the proper drainage, watersheds, and suitable abutments and supports, and to make it safe and free from danger to travelers upon the public streets and park approaches."

It is also found by the thirty-first finding as follows: "That the pavement of the Circle under and in pursuance of the said contract with said Barber Asphalt Pavement Company was a benefit and not an injury to the plaintiffs."

The evidence is not returned on this appeal; there are no exceptions to these findings, and they must be regarded as containing the facts of this case.

It seems to us quite apparent and very reasonable that a certain amount of outside work was not only proper, but absolutely necessary, in paving the Circle, which was entered by various streets leading in from the city.

We have the express finding to that effect, and it must be deemed conclusive.

It requires no citation of authority to justify this small amount of outside work in order to make the connecting streets and park approaches safe and free from danger to travelers, but a similar question was presented to this court in a case where the plaintiff sought to recover back an assessment paid under protest for grading a certain street in the city of Albany on the ground, among others, that the assessment was void, for the reason that drains had been constructed outside of the street lines in order to carry water under the embankments, but it was held that this did not invalidate the assessment, as the outside work was essential to the proper grading of the street. (*Moore* v. *City of Albany,* 98 N. Y. 396.)

We hold that the original assessment was valid, and that the

plaintiffs are, therefore, in no position to complain of a judgment which diminished the amount they ought to have paid and gave them a liberal bill of costs.

The judgment appealed from should be affirmed, with costs.

All concur, except HAIGHT, J., not voting.

Judgment affirmed.